**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROBIN SMITH, # N54258,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-00551-MJR** |
| | ) | |
| **STATE OF ILLINOIS,** | ) | |
| **SALVADOR A. GODINEZ,** | ) | |
| **DONALD GAETZ,** | ) | |
| **EARL WILSON,** | ) | |
| **JASON BRADLEY,** | ) | |
| **LT. HUBLER,** | ) | |
| **GINA ALLEN,** | ) | |
| **KIM DEEN,** | ) | |
| **PETER LISZEWSKI,** | ) | |
| **PETER J. JOHNSON,** | ) | |
| **WILLIAM HARRIS,** | ) | |
| **MATT FLOWERS,** | ) | |
| **JEFFREY BARKER,** | ) | |
| **BOBBY JOHNSON,** | ) | |
| **C/O LAWRENCE,** | ) | |
| **BILLY ROLLA,** | ) | |
| **C/O CLAXTON,** | ) | |
| **KARRI SANDERS, and** | ) | |
| **BRENDA PAULSMEYER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Robin Smith, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  In essence, Plaintiff claims that after he filed a grievance on June 11, 2011, and that grievance was made known to correctional officers, a cycle of retaliatory acts, grievances and the mishandling

of those grievances commenced, lasting until February 2013 (*see* Doc. 1, pp. 24-25).[1]  Plaintiff complains of retaliatory "bullying and harassment," including: being denied law library, dayroom, yard and commissary privileges (Doc. 1, pp. 15, 19, 21); the misuse of property inventory forms to deny Plaintiff recovery for lost or stolen property (Doc. 1, pp. 17-19); name-calling (Doc. 1, pp. 17, 19); cell shake-downs (Doc, 1, p. 18);  threats of segregation (Doc. 1, p. 17); and the issuance of disciplinary tickets, leading to Plaintiff's placement in segregation (Doc. 1, pp. 21-23). The retaliation has even infected the grievance process itself.  Plaintiff's grievances were "mischaracterized" (Doc. 1, p. 16), and often not processed or were inadequately processed (Doc. 1, pp. 16, 22).  Plaintiff contends there is an overarching conspiracy to retaliate against him (*see* Doc. 1, p. 20).

The 19 defendants include the State of Illinois, the director of the Illinois Department of Corrections ("IDOC"), the warden and assistant warden of Pinckneyville, the head of Internal Affairs at the prison, officials involved in the grievance process from the institutional level all the way to the IDOC Administrative Review Board, and ten correctional officers.  Plaintiff seeks declaratory judgment, compensatory, punitive and nominal damages, and unspecified injunctive relief.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.–** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[1] Plaintiff also references Defendant C/O Barker issuing him a false disciplinary report in January 2011, and suggests that that may also have been a catalyst for subsequent retaliation (*see* Doc. 1, p. 19).

(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Although only so-called "notice pleading" is required, an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility.  *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A.  Portions of this action are subject to summary dismissal with prejudice, while other portions will be dismissed without prejudice and with leave to amend.

### 1.  Discussion

"Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."  *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (affirming the dismissal of a complaint with 400 paragraphs covering 155 pages followed by ninety-nine attachments, replete with undefined acronyms and mysterious cross-references).   Given that there are 19 defendants, the 29-page complaint is concise; however, even with 158 pages of supporting documentation, the claims are actually too concise.

Many claims are no more than conclusory assertions.  Claims of retaliation and conspiracy, such as Plaintiff's, necessarily require a certain amount of factual underpinning to survive preliminary review.  Repeated references to exhibits is insufficient when, as here, the exhibits are assigned group exhibit numbers (containing multiple documents within a single group), and the references in the complaint often refer to exhibits by letter (and the letters and numbers do not correspond; e.g., "Exhibits Group D" does not appear to correspond to "Exhibit Group 4").  Although the Court attempts to liberally construe *pro se* litigant's pleadings, the Court cannot be left to fashion claims and arguments from an unwieldy volume of documents. With all that said, certain claims are sufficiently clear to permit conclusive analysis; other claims suggest viable claims, but need amendment to meet the *Twombly*/*Iqbal* pleading standard. Because Plaintiff will be given the opportunity to file an amended complaint, the Court will also

note a few guiding legal principles.

**The State of Illinois**

Plaintiff sues the State of Illinois because it is the "sovereign" responsible for the creation of the IDOC and Administrative Review Board, and responsible for all incarcerated persons.   The State of Illinois must be dismissed with prejudice because the Eleventh Amendment prohibits an individual from suing a state in federal court. *Sanders v. Sheahan,* 198 F.3d 626, 630 (7th Cir. 1999) (citing *Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997)).   The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).   *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages).

**Supervisory Liability**

IDOC Director Godinez, Warden Gaetz and Assistant Warden Wilson are purportedly sued in their personal capacities, which would allow the Eleventh Amendment to be skirted.   However, the claims against them make clear that they are sued because of their supervisory roles and/or their roles as arbiters of administrative grievances (*see* Doc. 1, p 14).

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).   As a result, the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983.   *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008).

Even if these three supervisory officials ruled on Plaintiff's grievances as they passed thought eh administrative process, the denial of a grievance by an official who merely reviews an adverse action, but was not the original decision-maker, does not give rise to liability. The alleged mishandling or denial of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson,* 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996). For these reasons, Defendants Godinez, Gaetz and Wilson shall be dismissed with prejudice, as Plaintiff has failed to state a colorable claim upon which relief can be granted.

**<u>Retaliation</u>**

Even though virtually all of the acts and omissions Plaintiff attributes to retaliation for filing grievances would not likely be actionable in and of themselves (under the Eighth or Fourteenth Amendments), if the acts were taken in retaliation for the exercise of a constitutionally protected right, then they are actionable under the First Amendment and Section 1983. *See Howland v. Kilquist,* 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper.

To prevail on a First Amendment retaliation claim, Plaintiff must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Woodruff v. Mason,* 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006)).

The First Amendment affords the right to petition the government for the redress of grievances; that right extends to prisoners filing administrative grievances.   *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Watkins v. Kasper,* 599 F.3d 791, 798 (7th Cir. 2010). In *Bridges v. Gilbert*, 557 F.3d 541, 552 -553 (7th Cir. 2009), the Seventh Circuit recognized that alleged harassment by numerous prison employees in a variety of ways over a period of several months would deter a person of ordinary firmness from exercising his First Amendment rights— which will suffice at the pleading stage.  It is at the last hurdle where the inadequacy of the complaint becomes apparent, particularly relevant to the Rule 8(a)(2) notice standard.

An inmate alleging retaliation must identify the reasons for the retaliation, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s).  *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002).  The complaint, in most instances, merely asserts that an act or omission was in retaliation for Plaintiff having filed grievances.  Such a blanket and conclusory statement does not move the claim from possible to plausible, as required under *Twombly*.  Because the documentary exhibits are in disarray, and because it is not the duty of the Court or a defendant to guess at or fashion claims, the complaint must be re-drafted to make clear the chronology of events that give rise to an inference of retaliation—and satisfy the notice pleading standard.  *See Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) ("A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.' ").

Plaintiff must also keep in mind that allegations must also be defendant-specific—again, because personal involvement is required under Section 1983.   Relative to the conspiracy aspect of the complaint, a bald assertion is insufficient.  "To establish [Section] 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and

private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights; and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents." *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003) (internal citation and quotation marks omitted); *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).

For these reasons, the claims against Defendants Jason Bradley, Lt. Hubler, Peter Liszewski, Peter Johnson, William Harris, Matt Flowers, Jeffrey Barker, Bobby Johnson, C/O Lawrence, Billy Rolla and C/O Claxton will be dismissed without prejudice.

## The Grievance Officials

For purposes of discussion and analysis, the Court has segregated out the defendants involved in processing Plaintiff's grievances:  Gina Allen, a member of the IDOC Administrative Review Board; Kim Dean, a Pickneyville grievance officer, and Karri Sanders and Brenda Paulsmeyer, who are both counselors at Pinckneyville.

According to the complaint, Administrative Review Board member Gina Allen is responsible for investigating grievances in accordance with prescribed state procedures.  No actual allegations are made against Allen; Plaintiff merely references Group Exhibits 1-5. Accepting the inference that Allen failed to follow procedures and did not properly investigate Plaintiff's grievances, Plaintiff still fails to state a legally viable claim.  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own grievance procedures does not, by itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich,* 681 F.2d 1091, 1100–01 (7th Cir. 1982).  Plaintiff has not, for example, made any retaliatory allegations that could save this due process claim.  Therefore, the claim against Allen shall be dismissed with prejudice.

Similarly, Plaintiff has failed to state a colorable due process claim against Grievance Officer Kim Deen.  Deem purportedly "mischaracterized" Plaintiff's grievances and refused to process them and returned them to Plaintiff.  The failure of state prison officials to follow their own grievance procedures does not, by itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d at 648.  The due process claim asserted against Deen shall be dismissed with prejudice.

Karri Sanders, a counselor, is alleged to have "violated procedures" in an unspecified manner.   It was Sanders who essentially triggered the chain of retaliation against Plaintiff.  During the process of investigating Plaintiff's June 11, 2011, grievance, she gave the grievance to C/O Harris, and it was then passed around to other correctional officers.  We do not hold grievance officers liable for doing their job of investigating and resolving grievances.  *See Burks v. Raemisch,* 555 F.3d 592, 595–96 (7th Cir. 2009).  Therefore, as pleaded, this claim fails to state a viable due process claim.  However, the Court will give Plaintiff an opportunity to amend the claim, because Sanders may have played an integral role in the alleged retaliation.  Thus, dismissal will be without prejudice.

Counselor Paulsmeyer allegedly failed to make grievance forms available and also tore up several of Plaintiff's grievances, for which Plaintiff lodged a grievance against Paulsmeyer.   Plaintiff further alleges that Paulsmeyer conspired with Lt. Colgan (not a defendant) in an attempt to send plaintiff to segregation as retaliation for Plaintiff having filed grievances against her.   Although Plaintiff has failed to state a colorable due process claim, a First Amendment retaliation claim is strongly suggested.  Again, references to grievances and information supposedly somewhere in the morass of exhibits are insufficient to state a claim against Paulsmeyer.  Therefore, dismissal will be without prejudice and Plaintiff will be afforded an opportunity to amend his claim(s) against Paulmeyer.

**Severance**

The many disparate incidents described by Plaintiff are held together by a single thread—retaliation.  The Court cautions Plaintiff that if that thread breaks, some of his claims may be severed into separate actions. In *George v. Smith,* 507 F.3d 605 (7th Cir.2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)).

## 2.  Pending Motions

Plaintiff has moved for the appointment of counsel (Doc. 3).  There is no constitutional or statutory right to counsel in federal civil cases.  *Romanelli v. Suliene,* 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant.  *Ray v. Wexford Health Sources, Inc.,* 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola,* No. 12–1182, ―― F.3d ――, 2013 WL 2321349, at \*3 (7th Cir. May 29, 2013) (citing *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) (en banc)).  If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it."  *Navejar,* 2013 WL at \* (quoting *Pruitt,* 503 F.3d at 655).  "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and

trial." *Pruitt,* 503 F.3d at 655.  The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

Plaintiff indicates that he has attempted to secure counsel, to no avail.  Plaintiff does not submit the required documentation of his efforts.  As grounds for needed counsel, Plaintiff asserts that he cannot afford an attorney, and he is a layman to the law and has difficulties "comprehending words."  Plaintiff has "some high school" education.  A 1999 psychological assessment performed in connection with Plaintiff's criminal trial reflects that he was deemed fit to stand trial, despite a schizo-affective disorder, substance dependence, mild mental retardation, and being on psychotropic medication.  The assessment also describes Plaintiff as reading and writing at a second grade level.

The Court does not perceive that the recruitment of counsel is necessary.  The psychological assessment is certainly stale, but it does present cause for concern, particularly relative to Plaintiff's intellectual ability and ability to read and write.  The claims Plaintiff has sketched out in the complaint are not legally or factually complex.  Although flawed in terms of the Rule 8 and *Twombly* pleading standards, the complaint was coherent and relatively well written.  The complaint demonstrates that Plaintiff reads and writes well enough to proceed without counsel pretrial and through trial, and certainly well enough to draft an amended complaint that clears the Section 1915A threshold review.  Therefore, Plaintiff's motion for counsel (Doc. 3) will be denied.  Of course, the Court will remain open to appointing counsel as the case progresses.

Plaintiff has also filed a motion for service of process at government expense (Doc. 4).  Plaintiff has been granted leave to proceed as a pauper (*see* Doc. 6).  Therefore, if and when Plaintiff files an amended complaint that passes review under Section 1915A, service will be

ordered at government expense, pursuant to 28 U.S.C. § 1915(d).  Consequently, Plaintiff's motion is essentially moot.  Moreover, because there is no viable complaint at this time, any directive regarding service of process is premature.  Therefore Plaintiff's motion (Doc. 4) shall be denied.  Plaintiff does <u>not</u> have to file a similar motion with his amended complaint.

### 3.  <u>Disposition</u>

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's claims against Defendants **STATE OF ILLINOIS**, **SALVADOR A. GODINEZ**, **DONALD GAETZ**, **EARL WILSON** and **GINA ALLEN** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  Defendants **STATE OF ILLINOIS**, **SALVADOR A. GODINEZ**, **DONALD GAETZ**, **EARL WILSON** and **GINA ALLEN** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that all claims against Defendants **JASON BRADLEY**, **LT. HUBLER**, **KIM DEEN**, **PETER J. JOHNSON**, **WILLIAM HARRIS**, **MATT FLOWERS**, **JEFFREY BARKER**, **BOBBY JOHNSON**, **C/O LAWRENCE**, **BILLY ROLLA**, **C/O CLAXTON**, **KARRI SANDERS AND BRENDA PAULSMEYER** are **DISMISSED** without prejudice and with leave to file an amended complaint.

**IT IS FURTHER ORDERED** that on or before August 7, 2013, Plaintiff shall file an amended complaint in accordance with this Order.  Any amended complaint will be subject to preliminary review pursuant to 28 U.S.C. § 1915A.  Failure to file a viable amended complaint could result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's motion for counsel (Doc. 3) and motion for service of process at government expense (Doc. 4) are both **DENIED**.

Plaintiff is **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether he elects not to file an amended complaint, and regardless of whether any amended complaint is dismissed upon preliminary review.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 3, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**